# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**IRENE MARTIN,**
**Claimant Below, Petitioner**

**vs.) No. 22-ICA-80**          (BOR Appeal No.: 2057982)
                               (JCN: 2021007717)

**WAL-MART ASSOCIATES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Irene Martin appeals the July 25, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Wal-Mart Associates, Inc. filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in affirming the March 7, 2022, order of the Workers' Compensation Office of Judges ("OOJ") which upheld the claim administrator's closure of Ms. Martin's temporary total disability ("TTD") benefits and refusal to add lumbar sprain/strain as a compensable condition to her claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 5111-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Martin was injured when she fell during her employment while stocking shelves at Wal-Mart on October 21, 2020. Radiographic imaging taken that day showed a lower sacral fracture and a compression fracture at T12 with minimal loss of vertebral body height. She was diagnosed with unspecified head injury, cervical strain, thoracic vertebral wedge compression fracture, and fracture of the sacrum. The claim administrator held her claim compensable by order dated October 30, 2020, for fractures at T11-T12 and the sacrum.

---

[1] Petitioner is represented by Reginald D. Henry, Esq. and Lori J. Withrow, Esq. Respondent is represented by Aimee M. Stern, Esq.

1

On November 13, 2020, Ms. Martin saw orthopedist Samuel Finck, D.O., and he diagnosed compression fractures of the thoracic vertebra and thoracic spine and ordered an MRI. He noted her pain at T11-T12 and pain lower around her coccyx. Dr. Finck referred Ms. Martin to his partner, Gordon Holen, D.O., for treatment of the compression fracture, and stated she should not work for four weeks. She underwent an MRI on January 5, 2021, which showed a "nearly 50%" compression fracture of the T12 vertebral body and a left paracentral disc protrusion at T1-T2 but no stenosis.

On January 8, 2021, Ms. Martin saw Dr. Finck who noted on examination that her back was unchanged from the prior visit and that she had maximal tenderness at the thoracolumbar junction and paraspinal muscle spasms in the lower thoracic and higher lumbar regions bilaterally. On March 1, 2021, Ms. Martin underwent a T12 kyphoplasty for the T12 vertebral compression fracture performed by Dr. Holen. By March 23, 2021, she reported some relief, but reported continued pain when standing and walking. Dr. Holen administered a lumbar trigger point injection post-surgically and prescribed physical therapy and Zanaflex because of her complaints of pain. Dr. Holen's notes reflect that he asked Ms. Martin to call within the next week if her pain did not continue to improve and he would order an MRI at that time. He expected her to recheck with him in four weeks and undergo updated x-rays.

On April 13, 2021, Ms. Martin returned to Dr. Holen and underwent x-rays which showed a stable T12 kyphoplasty, dextroscoliosis, and stable degenerative disc disease with spondylosis. Ms. Martin told Dr. Holen that she continued to have pain while standing and walking and she did not feel able to return to work. Dr. Holen noted she had tenderness to light palpation to her lower lumbar paraspinals. He also noted that she made "limited effort in getting into" physical therapy and did not call his office to schedule an MRI when her pain did not subside. He believed she could return to work without restriction and that she was at maximum medical improvement ("MMI"). He stated that Ms. Martin's:

> [p]resentation seems very disability oriented. I asked her what they had been doing to help get better since I had last seen them as she had not done physical therapy, obtain[ed] the muscle relaxants or contacted us back to initiate an updated MRI scan. She stated that they had just been getting by and had hired an attorney.

Based on Dr. Holen's evaluation, the claim administrator suspended Ms. Martin's TTD benefits on April 14, 2021, and her TTD benefits were closed on May 13, 2021. Ms. Martin was evaluated by Prasadarao Mukkamala, M.D., on June 2, 2021, for permanent impairment. Dr. Mukkamala reported that Ms. Martin had attended physical therapy for one month and returned to work on April 28, 2021, but could not tolerate the pain and resigned after two days. She had reduced ranges of motion in the cervical and thoracic regions and tenderness at her lower thoracic spine. He opined that her complaints of pain

were out of proportion with his objective findings, and that her current symptoms were related to her compensable injuries to some degree, but also related to preexisting degenerative spondyloarthropathy. Dr. Mukkamala believed Ms. Martin was at MMI.

Ms. Martin began treating with Amanda Davis, PA-C, on June 29, 2021. Ms. Davis's notes report that Ms. Martin not only had thoracic pain after her compensable injury, but also considerable pain in her tailbone and low back/lumbar area for which she had received no treatment. Ms. Davis submitted a diagnosis update form on August 3, 2021, stating that Ms. Martin had an acute onset of low back and pelvic pain on the date of the injury that was never addressed and requested that lumbar sprain/strain be added as a compensable injury in the claim. Ms. Davis's notes indicate that she was seeking to order an MRI to investigate Ms. Martin's continued complaints of pain, suspecting that the fall caused some "displacement triggering her pain." Ms. Davis initially submitted a diagnosis code for low back pain to workers' compensation. The claim administrator contacted Ms. Davis and stated that because Ms. Martin had been evaluated by Dr. Mukkamala and was determined to be at MMI, and her last provider, Dr. Holen, had released her from treatment and to return to work, Ms. Davis could not request the MRI under this claim. Furthermore, Ms. Davis was not Ms. Martin's "treating physician" for workers' compensation purposes. The claim administrator encouraged Ms. Davis to ask Ms. Martin to submit a letter requesting that Ms. Davis become her provider of record and then submit a diagnosis update form with a diagnostic explanation for Ms. Martin's pain (i.e., strain, sprain, injury, etc.), and the claim administrator would evaluate it to see if the claim could be reopened to add that diagnosis. Consequently, Ms. Davis submitted the lumbar sprain/strain diagnosis update form in order to seek authorization to order the lumbar MRI.

In an updated report letter dated September 8, 2021, Dr. Mukkamala disagreed with Ms. Davis, opining that there was no evidence of any issues with Ms. Martin's lumbar spine on the date of her injury. He also stated that her low back pain was addressed in physical therapy, which Ms. Martin could not tolerate. He explained, "[w]hen the claimant had T12 compression fracture and the sacral fracture, it is presumed that the claimant will have low back pain. There was no separate fortuitous injury to the lumbar spine." Based on Dr. Mukkamala's report, the claim administrator denied the request to add lumbar sprain/strain to the claim. Ms. Martin protested the decision.

Ms. Martin was deposed on November 1, 2021. She testified that she had back pain from the time of her workplace injury, and that her doctors ignored her complaints of low back pain. She tried physical therapy, but it did not improve her lumbar pain. She tried to return to work at Wal-Mart and work through the pain but could not do it. She was assigned to stand at the entrance of the store and count customers as they entered. She testified that she was not allowed to sit down, and that she vomited three times the first day because the pain from standing was so severe. She returned the next day but could not complete her shift. Once again, she said the pain was so severe she vomited multiple times while working. She tried sitting down while she worked but testified that her employer took the

3

chair away from her. Finally, Ms. Martin testified that she resigned because she was physically unable to tolerate the working conditions and the severe pain.

Ms. Davis submitted a letter in support of Ms. Martin on December 8, 2021, stating that she felt it medically necessary to proceed with the MRI in light of Ms. Martin's continued complaints of low back pain since her injury. However, on March 7, 2022, the OOJ upheld the claim administrator's decisions, concluding that the claim was properly closed for TTD benefits because Ms. Martin did not submit any medical evidence to rebut the findings of Dr. Holen and Dr. Mukkamala that her compensable injury had reached MMI. The OOJ also concluded that Dr. Mukkamala's opinion that Ms. Martin did not have a secondary condition of lumbar strain was more persuasive than the diagnosis update submitted by Ms. Davis, which requested the addition of the strain condition nine months after the date of injury in the claim. Moreover, the OOJ found that Dr. Mukkamala's opinions as a licensed physician outweighed those made by Ms. Davis, who is not a medical doctor. Ms. Martin appealed and the BOR affirmed the OOJ's decision on July 25, 2022, on the same basis. It is from that order that Ms. Martin now appeals.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-12a(b) (2022), as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1)     In violation of statutory provisions;
> (2)     In excess of the statutory authority or jurisdiction of the Board of Review;
> (3)     Made upon unlawful procedures;
> (4)     Affected by other error of law;
> (5)     Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6)     Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

In her appeal, Ms. Martin argues that the BOR's and OOJ's decisions were clearly wrong because a preponderance of the evidence establishes that her lumbar strain is directly related to her compensable injury. She notes that she complained of lower back pain on the date of her initial injury when she reported to the emergency department, and that her first treating physician recorded her complaints of pain in her coccyx and muscle spasms in her lumbar region. Dr. Holen noted that she had pain in her lower lumbar paraspinals and

administered a lumbar trigger point injection in response. He told Ms. Martin that she should call his office if her pain continued, and he would schedule an MRI. However, when she told him a few weeks later that her pain was the same, he did not order the MRI. When Ms. Davis later ordered the MRI in response to Ms. Martin's continued low back pain, it was deemed not compensable. Ms. Martin asserts that the record overwhelmingly contradicts Dr. Mukkamala's opinion that there is no evidence of a lower back injury. Accordingly, she submits that it was not fair to blame her for her doctors' failure to listen to her complaints of lower back pain and provide necessary and reasonable treatment in response. Likewise, she alleges that it was not fair to discontinue her TTD benefits when she was not actually at MMI. She attempted to return to work but was not able to perform her duties because of the constant debilitating pain. Ms. Martin submits that her TTD benefits should be reinstated until her lumbar symptoms are properly addressed since they were ignored after her injury.

Upon our review, we find no reversible error in the BOR's decision to affirm the OOJ's order. Pursuant to our statutory standard of review, this Court may only reverse the BOR in a limited set of circumstances: when its findings are in violation of statute, in excess of its statutory authority or jurisdiction, made upon unlawful procedure, affected by some error of law, or if its decision is clearly wrong, arbitrary, capricious, or characterized by abuse of discretion. W. Va. Code § 23-5-12a(b) (2022). Ms. Martin seeks a reversal on the basis that the lower tribunals were clearly wrong in view of the evidence. The Supreme Court of Appeals of West Virginia has characterized that analysis in workers' compensation cases as "so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision." *Delbert v. Murray American Energy, Inc.*, No. 20-0537, No. 21-0944, 2022 WL 16646484, *4 (W. Va. Nov. 3, 2022). We do not find those conditions present here. The OOJ, in its role as factfinder, properly weighed the evidence and determined that the rejection of lumbar strain as a secondary claim was not in error, giving greater weight to the medical opinion of Dr. Mukkamala than to that of Ms. Davis, who is not a medical doctor. The OOJ also determined that the suspension and closure of Ms. Martin's TTD benefits was appropriate because she had reached MMI as set forth by both Dr. Holen, her treating physician who released her to return to work with no restrictions, and Dr. Mukkamala. The OOJ found that Ms. Martin did not present medical evidence sufficient to rebut these opinions. Thereafter, the BOR affirmed the OOJ's order, adopting the same findings of fact and conclusions of law. Ms. Martin has not made a showing that the BOR's affirmance is clearly wrong. Therefore, we must affirm.

Affirmed.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen